1  ANDRÉ BIROTTE JR.
   United States Attorney
2  CHRISTINE C. EWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  MICHELE C. MARCHAND
   Assistant United States Attorney
6  California Bar No. 93390
          U.S. Courthouse, 14th Floor
7         312 North Spring Street
          Los Angeles, CA 90012
8         Telephone: (213)894-2727
          Facsimile: (213)894-7177
9
   Attorneys for Plaintiff
10 United States of America

11                UNITED STATES DISTRICT COURT

12             FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                      WESTERN DIVISION

14 UNITED STATES OF AMERICA,      )  NO.  CV 09-7571-AHM(MANx)
                                  )
15         Plaintiff,              )
                                  )  **PLAINTIFF UNITED STATES OF**
16         v.                      )  **AMERICA'S REPLY MEMORANDUM OF**
                                  )  **POINTS AND AUTHORITIES IN**
17 $1,030,645.00 in U.S. Currency,)  **SUPPORT OF ITS MOTION TO**
                                  )  **DISMISS VERIFIED COMPLAINT**
18         Defendant.              )  **WITH PREJUDICE**
                                  )
19 _____ )  Date: June 14, 2010
                                  )  Time: 10:00 a.m.
20 DAVID ANTONIO FELIX-TAVIZON,    )  Before the Honorable A. Howard
                                  )  Matz, United States District
21         Claimant.               )  Judge
                                  )
22 _____ )

23

24 / / /

25 / / /

26 / / /

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### INTRODUCTION

Plaintiff United States of America ("the government") respectfully submits this memorandum of points and authorities in reply to claimant David Antonio Felix-Tavizon's ("claimant") opposition to the release of the defendant $1,030,645.00 in U.S. currency to the state. The government notes at the outset that claimant's brief goes well beyond the scope of the government's motion which is simply to dismiss the action in favor of state forfeiture proceedings pursuant to the express terms of a federal statute. The government is not seeking a determination of the forfeiture originally sought, and this court lacks jurisdiction to determine the merits of the forfeiture sought by the state under state law. The only issue before the court is whether this action should be dismissed.

Claimant does not oppose the dismissal of this action, but argues that this Court should bar the government from releasing the defendant currency, post dismissal, to the state authorities who, as required by 18 U.S.C. § 981(e)(7), have initiated the proper actions. Claimant makes five arguments in support of his contention that the defendant currency should not be released to the state: (1) *res judicata* prevents the state from seeking forfeiture after this case is dismissed with prejudice; (2) this Court is bound by federal precedent to suppress the evidence; (3) the state seizure warrant, issued prior to the dismissal of the federal complaint, is an improper and void attempt to divest the federal district court of jurisdiction over the *res*; (4) state

law relied upon by the state was wrongly decided; and (5) the government's release of the property to state authorities for purposes of state forfeiture proceedings would violate Fed. R. Civ. P. 41. For the reasons explained below, each of these arguments is unavailing.

## II

### ARGUMENT

A. The Doctrine of Res Judicata Has No Application To This Case

In arguing that the government's voluntary dismissal of a federal forfeiture complaint, initiated on the basis of a federal statute and premised upon violations of federal law, has *res judicata* effect on the pending state forfeiture proceedings brought pursuant to state law and premised upon violations of state law, claimant demonstrates a profound misunderstanding of both the legal doctrine of *res judicata* and the constitutional authority of the federal judiciary. Claimant cites no authority for the outlandish proposition that the voluntary dismissal of a forfeiture action gives a federal court the power to declare a pending state court civil proceeding void.[1] This is one of many

---

[1] Instead, claimant primarily relies upon a single federal qui tam case involving federal (not state) proceedings (Opp. p.7), in which the court found not only that the government's interests were being represented by third parties, but that the government was going to share in any recovery. Neither is true here. The state of California is not protecting any federal interest in the property, and the government will not share in any forfeiture under state law. In support of their "unity of interest" theory, claimants refer to the government's equitable sharing policy, ignoring the plain fact that the policy allows a state or local agency to share in the proceeds of **federal forfeitures** in which the state or local agency was involved. It could not be more clear that the government is abandoning its

examples of claimant presenting an argument to this court which, if valid, would presumably be dispositive of the pending state court forfeiture proceeding.

The doctrine of *res judicata* applies to a subsequent action where there is (1) identity of claims between the two actions, (2) a final judgment on the merits in the first action, and (3) identity or privity between parties. <u>Owens v. Kaiser Foundation Heath Plan</u>, 244 F.3d 708, 713 (9th Cir. 2001). Here, the two actions were filed in two separate courts by two separate sovereigns under different statutory schemes and causes of action.[2] The government has no involvement or stake in the pending state proceedings. There is no basis for the application of *res judicata*.

B. <u>There Has Been No Adjudication of Whether Any Evidence Must Be Suppressed</u>

Claimant falsely and without attribution asserts that plaintiff United States and the state have acknowledged that there was a constitutional violation in this case and that the state intends to seek forfeiture on a basis that is unconstitutional under federal precedent. In fact, the state has indicated that it intends to rely on <u>People v. $241,600 United States Currency</u>, 67 Cal. App. 4th 1100 (1998), an often-cited

---

efforts to effect the federal forfeiture of the defendant currency in this matter.

[2] A Petition for Forfeiture pursuant to Health and Safety Code § 11470, Et Seq. (<u>People of the State of California v. One Million Thirty Thousand Six Hundred Forty-Five Dollars ($1,030,645.00) in U.S. Currency</u>, BS126196)) was filed by the Los Angeles County District Attorney against the defendant currency in Los Angeles County Superior Court on April 30, 2010.

case that has not been reversed or overturned in twelve years. Claimant devotes nearly a third of his 23-page brief to arguments intended to convince this Court that the state court case was wrongly decided. However, claimant fails to explain how or why this Court can or could exercise jurisdiction over a matter that the government seeks to dismiss, or adjudicate a legal issue presented in a state court judicial proceeding over which this court has neither personal jurisdiction over the parties, nor subject matter jurisdiction over the claims presented. While claimant clearly believes that this federal forum is more advantageous to him, a party's preference of forum is not determinative of a court's jurisdiction. This is another example of an argument which is more appropriately left to the state court to decide.

      i.    <u>Whether a Dismissal is "Voluntary" Under Federal Rule of Civil Procedure 41 Is Not A Matter of Subjective Intent</u>

It is undisputed that the government is voluntarily dismissing the complaint pursuant to Federal Rule of Civil Procedure 41(a)(2).

Claimant's argument that *res judicata* applies to this case on the grounds that the dismissal is not truly "voluntary" because the government was required to dismiss the complaint due to claimant's threatened suppression motion is a <u>non sequitur</u>. A dismissal is "voluntary" under Federal Rule of Civil Procedure 41(a)(2) because the plaintiff initiates the dismissal seeking leave or an order of the court. The subjective intent of the

plaintiff is irrelevant to the "voluntariness" of the dismissal.[3]

Moreover, it is absurd to suggest, as claimant seems to do here that the government's decision to dismiss this action following his threat to file a motion to suppress is tantamount to a judicial admission that the motion would be granted and/or the action terminated as a result. No one will ever know whether claimant's motion would have been granted (had he filed it) since he never filed it and the government has opted not to proceed with the forfeiture.

    C.   <u>The State Court Warrant Was Anticipatory, Not An Attempt To Usurp the District Court's Jurisdiction</u>

Notwithstanding claimant's argument to the contrary, the government has never suggested that release of the property to state authorities is proper because the state warrant somehow defeats this Court's jurisdiction. The government has always maintained that the issuance of the state warrant in anticipation of the dismissal of the federal action was the "initiation of proper actions" by state officials to commence state forfeiture proceedings. 18 U.S.C. § 981(e)(7). Once a court has

---

[3] Thus, for example, if, following the filing of a complaint, but before the filing of an answer, a plaintiff realizes that venue is improper, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41. The fact that he does so only after realizing that his case could not proceed in that court does not make the dismissal "involuntary." Under the claimant's reasoning, this hypothetical plaintiff's dismissal, having been filed out of practical necessity rather than subjective desire, would not have been a result of his "free choice." Opp. 9, n. 3. This leads to the preposterous conclusion that a voluntary dismissal under Federal Rule of Civil Procedure is only truly "voluntary" if the plaintiff subjectively desires to dismiss his complaint. There is simply no support for that proposition.

5

relinquished jurisdiction over a res, there is no conflict and another court may assume jurisdiction over the property. <u>United States v. One 1985 Cadillac Seville</u>, 866 F.2d 1142, 1145 (9th Cir. 1989).

The issuance of the state warrant in this case was based upon the affiant's accurate representation that the government was not going to complete the federal forfeiture. It was issued in anticipation of the dismissal of the federal complaint, by which the district court would be divested of jurisdiction over the property. The warrant allows the state authorities to accept the property from the government following the dismissal of the complaint. <u>This is precisely what Congress intended when it enacted § 981(e)</u>, which provides that the government may discontinue civil forfeiture proceedings at any time and release the property to state authorities upon the initiation of "proper actions" by such authorities. The issuance of an anticipatory seizure warrant like the one here falls unquestionably into that category.

Interestingly, while claimant argues that the state warrant was "void and a nullity" (Opp. 14), he has yet to challenge the warrant in the state court proceedings in which forfeiture of the property is now sought. If the claimant is correct in his argument that the state warrant was void from its inception, he presumably will be entitled to the immediate return of the defendant currency in the state proceedings.

    D.   <u>The Transfer of the Defendant Currency to the State Complies With Fed. R. Civ. P. 41(a)(2)</u>

Claimant asserts that the release of the defendant currency

to the state would be improper under Rule 41 of the Federal Rules of Civil Procedure. Claimant cites no authority for this assertion. Rule 41(a)(2) provides, in pertinent part:

> By Court Order: Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper. If a defendant has pleaded a counterclaim before being served with plaintiff's motion to dismiss, the action may be dismissed of the defendant's objection only if the counterclaim can remain pending for independent adjudication. . .

The turnover provision of § 981(e)(7) gives the government the unilateral right to discontinue federal forfeiture proceedings in favor of State or local proceedings, explicitly providing for the dismissal of a filed complaint and the transfer of property to state officials upon the initiation of "proper actions" by such officials. The government's right to do so is unqualified - the reason for the government's decision to dismiss and release the property is irrelevant.

> It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter, wherefore it is held that in the absence of any express repeal or amendment therein, the new provision was enacted in accord with the legislative policy embodied in those prior statutes, and they all should be construed together.

2A C. Sands, Sutherland Statutory Construction § 51.02 (4th ed. 1973 (footnotes omitted); See also Morton v. Mancari, 417 U.S.

7

535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974) ("when two statutes are capable of co-existence, it is the duty of the courts . . . to regard each as effective."); and <u>Boise Cascade Corp. v. United States Environmental Protection Agency</u>, 942 F.2d 1427, 1432 (9th Cir. 1991)("we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.") (citing Sutherland, §§ 46.05, 46.06).

The *only* requirements for the utilization of the § 981(e)(7) turnover procedures are that (1) the discontinuance of the federal proceedings be in favor of state or local forfeiture proceedings and (2) the state or local officials initiate proper actions to seek forfeiture under state law. Section 981 contains no limitation based upon the *reason* for the government's discontinuation of federal forfeiture proceedings,

With the dismissal of this action, both requirements will be satisfied here. The state seizure warrant provides a basis for the local authorities to take possession of the defendant currency, and its issuance was the precursor to the commencement of state judicial forfeiture proceedings. The government will release the assets to the local authorities for that purpose. Following the release, if the State authorities conclude that forfeiture under state law is not appropriate or advisable, the property will be returned to the claimant, *not to the government*. The release of the defendant currency to the state is proper under Rule 41(a)(2).

Although claimant's Answer to the Complaint included five

8

affirmative defenses, he did not plead a counterclaim. Thus, claimant's objection to the dismissal of this action pursuant to Rule 41(a)(2) is unfounded.

### III

### CONCLUSION

For the foregoing reasons, the government respectfully requests that its Motion to Dismiss the Verified Complaint for Forfeiture with Prejudice be granted so that the defendant currency may be transferred to the Los Angeles County District Attorney's Office Asset Recovery Program pursuant to 18 U.S.C. § 981(e)(7).

DATED: May 28, 2010

ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ Michele Marchand
MICHELE C. MARCHAND
Assistant United States Attorney

Attorneys for Plaintiff
United States of America